UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERARDO MORALES, and other
similarly situated individuals,

    Plaintiff,

v.                                        Case No.:  2:23-cv-390-SPC-KCD

TRADEMARK DOUGLAS, LLC,
STORM ROOFING AND
CONSTRUCTION LLC and ELLIS
C. WESTBY,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Before the Court is the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice Solely as to Defendant Trademark Douglas, LLC. (Doc. 50.) For the reasons below, the motion should be granted and Defendant Trademark Douglas, LLC dismissed under Fed. R. Civ. P. 41(a)(ii).

### I. Background

Plaintiff Gerardo Morales previously worked as a laborer for Trademark. Following his separation, Morales brought this suit for unpaid wages and retaliation under the Fair Labor Standards Act (FLSA). (Doc. 1.) Morales claims that Trademark failed to pay him overtime and withheld wages to the

tune of $15,030. (*Id.* ¶¶ 37, 56.) The complaint seeks those wages plus liquidated damages and attorneys' fees.

Trademark denies it violated the FLSA. (Doc. 24.) Its answer also raises several affirmative defenses, including that Morales worked for a subcontractor who was responsible for compliance with any wage and hour laws. (*Id.* at 9.)

The parties now move the Court to approve their settlement. They explain that several issues were disputed, litigating the case would be expensive and time consuming, and a bona fide dispute existed that led both sides to conciliation. (*See* Doc. 50.) Thus, according to the parties, the settlement is a reasonable and fair compromise. As for specifics, Trademark agrees to pay Morales $750 in unpaid wages and $750 as liquidated damages. Trademark will also pay counsel $4,500 for fees and costs. (*Id.* at 6-7.)[1]

## II. Legal Framework

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). If an FLSA violation is shown, the employer must generally pay the

---

[1] The parties' motion is not paginated. The Court thus refers to the page numbers automatically assigned by its electronic filing system.

damaged employee unpaid wages, an equal amount as liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

Following the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). Under *Lynn's Food* and its progeny, the parties to an FLSA settlement must present their agreement for a fairness evaluation. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g.*, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013).

There is no standard test or benchmark to measure a settlement's fairness. Courts instead look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

3

### III. Discussion

Based on the parties' representations and a review of the record (Doc. 1, Doc. 50, Doc. 50-1), the proposed settlement appears to be a fair and reasonable compromise of a disputed claim. Morales was represented by experienced counsel who had sufficient time and information to evaluate the potential risks and benefits of settlement. Morales also attests that he entered into the agreement knowingly and voluntarily. (Doc. 50-1 at 8.) While denying liability, and raising the specter of several defenses, Trademark has agreed to pay a significant sum to settle the outstanding claims.

There is no stated or apparent collusion. Without a settlement, the parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial, and Morales would risk receiving nothing. The parties and their counsel believe this is a reasonable settlement. (Doc. 50 at 4.)

Regarding attorneys' fees and costs, given Morales's representation that he agreed on these sums separately from the damages (Doc. 50 at 6), the Court need not undertake a detailed review. And in any event, the fees and costs appear reasonable considering the time expended in the case (over twenty hours) and the typical hourly rates charged for such services. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The settlement agreement contains a limited release, which is appropriate in these circumstances. *Moreno v. Regions Bank*, 729 F. Supp. 2d

4

1346, 1351-52 (M.D. Fla. 2010). Further, there are no other terms that courts have flagged as unenforceable, such as a confidentiality provision, *see, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010), a nondisparagement clause, *see, e.g.*, *Loven v. Occoquan Grp. Baldwin Park Corp.*, No. 6:14-CV-328-ORL-41, 2014 WL 4639448, at *3 (M.D. Fla. Sept. 16, 2014), or a no-reemployment provision, *see, e.g.*, *Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 WLS, 2013 WL 5933991, at *5 (M.D. Ga. Nov. 1, 2013).

By all accounts, this was an arms-length settlement negotiated between represented parties who had full knowledge of the stakes. Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice Solely as to Defendant Trademark Douglas, LLC. (Doc. 50.)

2. **DISMISS** Defendant Trademark Douglas, LLC because the joint motion stipulates to such relief and it is signed by all parties who have appeared, thus satisfying Fed. R. Civ. P. 41(a)(1)(A)(ii).

**ENTERED** in Fort Myers, Florida on January 3, 2024.

Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.