UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERARDO MORALES, and other
similarly situated individuals,

    Plaintiff,

v.                                Case No.:  2:23-cv-390-SPC-KCD

STORM ROOFING AND
CONSTRUCTION LLC and ELLIS
C. WESTBY,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Plaintiff moves for default judgment in this Fair Labor Standards Act case. (Doc. 59.)[1] In his amended complaint (Doc. 18), Plaintiff Gerardo Morales seeks a sum certain for unpaid overtime (Count I), unpaid minimum wage (Count II), retaliation (Count III), liquidated damages under the FLSA, and attorney's fees and costs. Having been defaulted (Doc. 53), Defendants are subject to the entry of a default judgment by the clerk for the sum certain stated in the amended complaint and supported by affidavits (Docs. 59-1, 59-2), and an award of attorney's fees costs. Thus, the motion should be granted.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

The Court takes these facts from the amended complaint, which are deemed admitted by Defendants' default. Defendant Storm Roofing and Construction LLC is a Florida company that does business in Lee County, Florida. Defendant Ellis C. Westby owns the company. Plaintiff was employed as a roof installer with Storm Roofing for nine weeks. He was hired at an hourly rate of $20.

Plaintiff worked 13-hour days, 5 days a week, and 11-hour days on Sunday, for a total of 81 hours weekly. Defendants did not pay Plaintiff for the nine weeks he worked, and he did not clock in and out. After complaining multiple times about this to his supervisor, Defendant Westby, Plaintiff was fired. Defendants still did not pay Plaintiff despite several requests. Thus, Plaintiff brought this suit to recover overtime compensation, liquidated damages, attorney's fees, and costs.

## II. Legal Standard

The Court may enter a default judgment against a party who was properly served but did not appear or respond. Fed. R. Civ. P. 55(b)(2). But entry of a default judgment is warranted only when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda*

*Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A complaint meets this bar when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### III. Discussion

#### A. Personal Jurisdiction

Essential to a valid claim is personal jurisdiction. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021). Thus, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue sua sponte." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010).

Amenability to jurisdiction is established here under Florida's long-arm statute since Defendants were conducting business in Florida. *See* Fla. Stat. § 48.193(1)(a)(1). Service is also proper. "While a plaintiff bears the ultimate burden of proving valid service of process, a return of service that is regular on

3

its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. Dist. Ct. App. 2011). "Regular on its face" means the return of service attests to all the information required by the service statute. *Id.* at 180.

The Returns of Service (Docs. 40, 48) are regular on their face. Service on Defendant Ellis C. Westby was effected via substitute service on Westby's spouse at their residence (Doc. 48). *See* Fla. Stat. § 48.031(1)(a). And the return states that she was informed of its contents. *See id.* And service was made on Storm Roofing through its registered agent (Doc. 40), which is also proper. *See id.* § 48.081(2).

### B. Claims[2]

To prevail on both an overtime wage claim and a minimum wage claim, Plaintiff must establish the same initial elements. He must show: 1) the defendants employed him; and (2) he was employed by an enterprise engaged in commerce. *Cain v. One Stop PC Help, Inc.*, No. 8:15-CV-1071-T-27TBM, 2017 WL 10241541, at *3 (M.D. Fla. Jan. 17, 2017); *Martinez v. Askins & Miller*

---

[2] Plaintiff brought this case as a collective action. (Doc. 18 at 9.) His motion for default judgment, however, only seeks individualized relief. Thus, he has abandoned any demand for collective-wide damages. *See, e.g.*, *Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 6:20-cv-1357-GAP-EJK, 2022 WL 396320, at *1 n.1 (M.D. Fla. Jan. 21, 2022) (claims not addressed in motion for default judgment deemed abandoned).

4

*Orthopaedics*, No. 8:18-CV-2442-T-02CPT, 2019 WL 1117036, at *2 (M.D. Fla. Mar. 11, 2019).

Plaintiff alleges that Ellis C. Westby [3] was (and is) the owner/partner/officer and manager of Storm Roofing, and that Defendants were Plaintiff's "employers" for purposes of FLSA liability. (Doc. 18 at 5, 8.) To determine whether a defendant is an employer under the FLSA, a court looks to whether it "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled [the employee's] work schedule[ ] or condition[ ] of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011). Based on the well-pled allegations, the Court finds that Defendants employed Plaintiff from February 9, 2023, through April 9, 2023. (Doc. 18 at 6.)

---

[3] Under the Servicemembers Civil Relief Act, for "any civil action . . . in which the defendant does not make an appearance," the court, "before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1). "The requirement for an affidavit . . . may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." *Id.* § 3931(b)(4). Here, the process server declared, under penalty of perjury: "Based upon inquiry of party served, Defendant is NOT in the military service of the United States of America." (Doc. 48.) A process server's affidavit in this regard has been found sufficient. *See, e.g.*, *Branch Banking & Tr. Co. v. Chalifoux Bus. Park, L.L.C.*, No. 6:15-cv-2005-Orl-31TBS, 2016 WL 1238746, at *2 (M.D. Fla. Mar. 10, 2016).

As to enterprise coverage, Plaintiff must show that the enterprise: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Plaintiff alleges as much in the amended complaint. (Doc. 18 at 5-6.) Thus, based on Plaintiff's well-pled allegations, the Court finds Defendants were employers engaged in interstate commerce.

Next, the Court considers the remaining elements for both the overtime and minimum wage claims.

### 1. Overtime Wages (Count I)

After establishing employment and enterprise coverage, to prevail on a claim for overtime wages, a plaintiff must show: (1) he worked more than a 40-hour workweek; and (2) the defendants did not pay him overtime wages for such work. *Cain*, 2017 WL 10241541, at *3. Plaintiff says he worked from February 9, 2023, through April 9, 2023 (9 weeks), 13-hours a day, 5 days a week; and 11-hour days on Sunday, for a total of 81 hours weekly. (Doc. 18 at 7.) Plaintiff claims for the number of hours worked and his daily rate, he was not paid overtime wages. (Doc. 18 at 9-14.) Given these well-pled allegations, the Court finds Plaintiff has established all the elements for the FLSA

overtime wage claim.

### 2. Minimum Wages (Count II)

To prevail on a claim for unpaid wages, a plaintiff must also show that the defendants did not pay him a minimum wage required by the FLSA. *Martinez*, 2019 WL 1117036, at *2. Plaintiff claims he was not paid at all for 9 weeks. Obviously, this is enough for the FLSA minimum wage claim.

### 3. Retaliation (Count III)

Along with wage claims, § 215(a)(3) of the FLSA protects individuals from retaliation. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000). To establish a case for FLSA retaliation, a plaintiff must show: (1) he engaged in a protected activity under the FLSA; (2) he subsequently suffered an adverse employment action; and (3) a causal connection exists between the employee's protected activity and the adverse action. *Id.* at 1342-43. The retaliation claim here supports Plaintiff's request for liquidated damages.

Plaintiff alleges he repeatedly reported FLSA violations to business owner Westby for failing to pay him overtime and a minimum wage. (Doc. 18 at 8.) These violations are activities protected under the FLSA. *See* 29 U.S.C. § 207. Plaintiff suffered an adverse action when he was fired the same day he made his final complaint. (Doc. 18 at 8, 21.)

Lastly, Plaintiff must establish a causal connection between his firing and the assertion of his FLSA rights. A plaintiff may satisfy this burden by

7

showing a close temporal proximity between the time his employer learned of his protected activity and the time of the adverse employment action. *Raspanti v. Four Amigos Travel, Inc.*, 266 F. App'x 820, 823 (11th Cir. 2008). Plaintiff was fired the same day he complained, establishing a causal connection. With these well-pled allegations, the Court finds that Plaintiff has established all the elements for retaliation.

### C. Damages Calculation for Minimum and Overtime Wages[4]

Plaintiff seeks damages for his overtime and minimum-wage claims. An employer who violates the minimum wage or overtime provisions of the FLSA is liable for the employee's unpaid wages and unpaid overtime, and an additional equal amount for liquidated damages. 29 U.S.C. § 216(b). Plaintiff bears the burden of proving the amount of damages to be awarded and may establish the amount by affidavit. *Cabrera v. Fla. Express Bus, LLC*, No. 8:13-CV-1850-T-35EAJ, 2015 WL 12844403, at *2 (M.D. Fla. June 23, 2015).

In support of his claims, Plaintiff relies on Affidavits of Indebtedness (Doc. 59-1), which the Court finds contains sufficient information to establish the amount and extent of the work he performed and an adequate basis for

---

[4] There is a discrepancy between the amounts requested for overtime wages and minimum wages in the motion ($5,427 and $1,320) (Doc. 59 at 7), and in Plaintiff's affidavit (Doc. 59-1 at 4, 5). In fact, the affidavit includes two amounts: those in the motion and a higher amount. (Doc. 59-1 at 4, 5, 6.) The undersigned recommends awarding the amounts sought in both the motion and the affidavit ($5,427 and $1,320). The total number recommended below includes those figures.

calculating his damages. *See, e.g.*, *Miranda v. Palms Hotels & Villas, LLC*, No. 606CV-1902-ORL-28KRS, 2007 WL 3232242, at *4 (M.D. Fla. Oct. 31, 2007) (finding an employee's affidavit carries her burden of proving the amount and extent of her work and a basis for calculating damages when the employers' records are inaccurate or non-existent).

### D. Damages Calculation for Retaliation

After establishing a claim for retaliation under the FLSA, an employer is liable for such relief that effectuates the purpose of the anti-retaliation section of the FLSA, including, without limitation, payment of lost wages, and an equal amount of liquidated damages if appropriate under the facts of the case. *Roth v. ABCW, LLC*, No. 2:14-CV-227-FTM-29CM, 2016 WL 6994178, at *3 (M.D. Fla. Nov. 30, 2016). Here, Plaintiff limits his damages for retaliation to lost wages and liquidated damages. (Doc. 18 at 23.)

For retaliation claims, an award of liquidated damages is discretionary if "appropriate under the facts of the case." *Roth*, 2016 WL 6994178, at *3. While liquidated damages are intended to compensate a plaintiff, they may also be imposed to provide a deterrent for defendants. *Id.*; *Stevenson v. Second Chance Jai Alai, LLC*, No. 5:11-CV-496-OC-37PRL, 2013 WL 1344500, at *2 (M.D. Fla. Apr. 2, 2013). And liquidated damages may be especially appropriate when the defendants' actions are egregious.

Based on his affidavit (Doc. 59-1), Plaintiff has established damages for

9

retaliation for nine weeks of unemployment after being fired. To compensate Plaintiff for this harm, the Court also finds that awarding lost wages and an equal amount of liquidated damages is justified to effectuate the purposes of the FLSA.

### E. Attorney's Fees and Costs

The FLSA states that claimants are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C. § 216(b). Plaintiff seeks these remedies, and the Court finds he is a prevailing party entitled to such relief.

An attorney fee award is calculated by multiplying the number of hours reasonably spent by the reasonable hourly rate to arrive at the lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees must submit adequate documentation of hours and rates in support, or the award can be reduced. *Id.*

Plaintiff is represented by attorney Zandro Palma who claims a lodestar of $16,700. (Doc. 59 at 8-12.) Attorney Palma submitted an affidavit supporting the fee request (Doc. 59-2), stating that his attached billing records accurately reflect the time spent on the case (41.75 hours) and that the number of hours were reasonable and necessary, given the nature of the litigation. (Doc. 59-2 at 4.) The filing details his qualifications and experience, as well as ledgers detailing the billable hours incurred by him that were reasonable and necessary for the prosecution of this matter. The Court agrees they are

reasonable.

Plaintiffs' request for costs includes the costs of the process server, the filing fee, and copies (Doc. 59-2 at 11), which are taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. The remaining expense for postage is not a taxable cost, but is a permitted litigation cost under the statutory authority of 29 U.S.C. § 216(b), which seems reasonable. Therefore, $697 should be allowed.

### F. Settlement with Trademark Douglas, LLC

One last, unique issue. A third defendant—Trademark Douglas, LLC— appeared and settled. Plaintiff alleges that Defendants Trademark and Storm Roofing were joint employers and are jointly and severally liable for his damages. (Doc. 18 at 3-5.) That settlement, which consisted of $1,500.00 to Plaintiff and $4,500.00 to Plaintiff's counsel, was approved, and Trademark Douglas was terminated from the case. (Doc. 54.) Because joint liability has been alleged, Plaintiff now requests that the sum of the Trademark Douglas settlement be deducted from the award to Plaintiff and his counsel here. (Doc. 59 at 5.) Given the allegations and seeing no objection, the Court recommends doing so.

### IV. Recommendation

For the above reasons, the Court finds Plaintiff has established violations of the minimum wage, overtime wage, and retaliation provisions of the FLSA. Based on Plaintiff's Affidavit, he also establishes entitlement to the

damages he seeks.

Accordingly, it is **RECOMMENDED**:

(1) The Motion for Default Judgment Against Defendants (Doc. 59) be **GRANTED** as to Counts I, II, and III and the Clerk be directed to enter a default judgment of **$38,251.00**[5] calculated as follows:

    (a) As to Count I for unpaid overtime wages, Plaintiff be awarded $5,427.00 and an equal amount for liquidated damages, for a total of $10,854.00.

    (b) As to Count II for unpaid minimum wages, Plaintiff be awarded $1,320.00 and an equal amount of liquidated damages, for a total of $2,640.00.

    (c) As to Count III for retaliation, Plaintiff be awarded $6,680.00 and an equal amount of liquidated damages, for a total of $13,360.00.

(2) The Court should approve the lodestar calculation offered by Plaintiff's counsel for fees and costs, and when reduced by the Trademark Douglas settlement, it amounts to an additional **$12,897**.

**Recommended** in Fort Myers, Florida on April 10, 2024.

---

[5] This total number accounts for the reduction because of the Trademark Douglas settlement.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.